NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRED DORTON,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>DAISY LEE STERKEL, individual; J. FERNANDEZ, individual; D. MORANVILLE, individual; S. GEE, individual; J. ST. JOHN, individual; M. REYNOSO, individual; D. SAMUEL, individual; D. SAMUEL, Warden, official capacity; KATHLEEN ALLISON, individual; KATHLEEN ALLISON, Secretary of Prisons,<br><br>          Defendants - Appellees. | No. 25-16<br><br>D.C. No. 2:24-cv-03603-JFW-JDE<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted May 26, 2026**

Before:    S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California state prisoner Fred Dorton appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Dorton's due process claims relating to his presentence custody credit because Dorton failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (noting that failure to follow state departmental regulations does not amount to a constitutional violation); *see also Engebretson v. Mahoney*, 724 F.3d 1034, 1039, 1041 n.7 (9th Cir. 2013) (holding that prison officials enjoy absolute immunity from § 1983 liability for enforcing a facially valid court order and that they do not have "an independent duty to investigate the legality of the court's sentencing order").

The district court properly dismissed Dorton's due process claims relating to his request to expunge certain disciplinary records because Dorton failed to allege

facts sufficient to establish that he was deprived of a protected liberty interest or that he was convicted without any evidentiary basis. *See Sandin v. Conner*, 515 U.S. 472, 483-85 (1995) (holding that a prisoner has no federal or state protected liberty interest unless a sanction is imposed that either invariably extends the length of his sentence or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Burnsworth v. Gunderson*, 179 F.3d 771, 775 (9th Cir. 1999) (explaining that a due process claim for expungement of records requires establishing a prison disciplinary conviction that "was totally unsupported by evidence").

The district court properly dismissed Dorton's retaliation claim because Dorton failed to allege facts sufficient to show that defendants took an adverse action against him because of his protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a First Amendment retaliation claim in the prison context).

**AFFIRMED.**